# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPICEY PARTNERS REAL | § | Case No. 24-90572 (CML) |
| ESTATE HOLDINGS, LLC, *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | (Emergency Hearing Requested) |
| | § | |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF (A) INTERIM ORDER AND (B) FINAL ORDER, (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 12:00 p.m. (prevailing Central Time) on November 19, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on November 19, 2024, at 12:00 p.m. (prevailing Central Time) in Courtroom 401, floor 4, 515 Rusk, Houston, Texas 77002.**
>
> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1-832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781). The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an interim order, substantially in the form attached hereto as **Exhibit A** (the "Interim Order") and a final order (the "Final Order"),[2] pursuant to sections 105, 361, 362 and 363 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004(h) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Chapter 11 Procedures"). In support of this Motion, the Debtors incorporate the statements contained in the *Declaration of David G. Howe, of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion, and respectfully move as follows:

**PRELIMINARY STATEMENT**

1. As set forth in greater detail in greater detail below and in the First Day Declaration, the Debtors are party to secured financing arrangements with each of Washington Trust Company (the "Senior Lender"), Michael L. Howe (the "Second Lien Lender"), and Cosmed Group of the Dominican Republic, Inc. (the "Third Lien Lender," and together with the Second Lien Lender, the "Junior Lenders"; the Junior Lenders together with Senior Lender, the "Prepetition Lenders"). The Debtors' obligations to the Prepetition Lenders are secured by substantially all assets of the Debtors. In order to continue operations and pursue strategic options in these chapter 11 cases, the Debtors seek authority to use the Prepetition Lenders' cash collateral (the "Cash Collateral") on an interim basis and later on a final basis.

---

[2] The Debtors will file a proposed form of Final Order with the Court at least 7 days prior to the Final Hearing.

2

2. The Debtors use of Cash Collateral on an interim basis is intended to fund operating and other expenses associated with the Debtors' businesses, consistent with the budget (the "Budget") attached as Schedule 1 to the proposed Interim Order, subject to reasonable variances. In addition, the Debtors have agreed to provide the Prepetition Lenders with adequate protection in the form of replacement liens and a superpriority administrative claim for any diminution in value of their collateral, and, for the Senior Lender only, monthly payments of principal and interest in accordance with the terms of the underlying senior loan documents.

3. The Debtors have secured the consent of the Junior Lenders to the relief sought in this Motion, but as of the time of this filing the Senior Lender had not provided its consent. Even so, the Debtors propose more than sufficient adequate protection to the Senior Lender to support the use of Cash Collateral on an interim basis and intend to work constructively with the Senior Lender and Junior Lenders regarding a proposed form of Final Order governing the use of Cash Collateral.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105, 361, 362 and 363 of the Bankruptcy Code, Rules 2002, 4001, 6003, 6004(h) and 9014 of the Bankruptcy Rules, Rule 9013-1 of the Bankruptcy Local Rules and the Complex Chapter 11 Procedures.

ACTIVE 704205512v1

## BACKGROUND[3]

6. On November 14, 2024 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases. No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

8. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, which is fully incorporated herein by reference.

### A. The Washington Trust Senior Loans

9. Over the years, the Debtors, as borrowers, and Senior Lender, as lender, entered into various loan agreements and attendant security documents (collectively, the "Senior Lender Loan Documents"). Pursuant to the Senior Lender Loan Documents, the Debtors' obligations under the Senior Lender Loan Documents are secured by substantially all of the Debtors' assets (the "Senior Lender Prepetition Collateral") and guarantees from various non-debtor affiliates. As of the Petition Date, approximately $5 million is due and owing under the Senior Lender Loan Documents (the "Senior Lender Prepetition Obligations").

### B. The Michael L. Howe Second Lien Loan

10. Cosmed Group, as borrower, and the Second Lien Lender, as lender, entered into a loan agreement and attendant security documents dated March 1, 2024 (collectively, the "Second

---

[3] Capitalized terms used, but not defined, in this section shall have the meaning ascribed to such terms in the First Day Declaration.

Lien Loan Documents"). Cosmed Group's obligations under the Second Lien Loan Documents are secured by substantially all of Cosmed Group's assets ("Second Lien Lender Prepetition Collateral"). As of the Petition Date, approximately $500,000 is due and owing under the Second Lien Loan Documents (the "Second Lien Lender Prepetition Obligations"). The Second Lien Lender and Senior Lender are parties to a subordination agreement pursuant to which the Second Lien Lender Prepetition Obligations are subordinated in all respects to the Senior Lender Prepetition Obligations.

C. **The Cosmed Dominican Republic Third Lien Loan**

11. Cosmed Group, as borrower, and the Third Lien Lender, as lender, entered into a loan agreement and attendant security documents dated November 13, 2024 (collectively, the "Third Lien Loan Documents"). Cosmed Group's obligations under the Third Lien Loan Documents are secured by substantially all of Cosmed Group's assets ("Third Lien Lender Prepetition Collateral"). The Third Lien Lender perfected its security interest by filing a UCC statement. As of the Petition Date, approximately $1.23 million is due and owing under the Third Lien Loan Documents (the "Third Lien Lender Prepetition Obligations"). The Third Lien Lender has acknowledged that its lien position on the Prepetition Collateral is junior to the Senior Lender and Second Lien Lender.

**RELIEF REQUESTED**

12. By this Motion, the Debtors seek entry of an order (the "Interim Order"), substantially in the form submitted herewith: (i) approving the Debtors' use of Cash Collateral as working capital in the operation of the business for the purposes specified in, and, at least, for the period defined in the Budget, which is incorporated herein by reference; (ii) providing adequate protection for, and to the extent of, any diminution in the value of the Cash Collateral; and (iii)

scheduling a final hearing (the "Final Hearing") for this Court to consider entry of a Final Order authorizing and approving the relief requested in this Motion.

## STATEMENT REGARDING SIGNIFICANT PROVISIONS

13. Pursuant to Bankruptcy Rule 4001(b), the Debtors respectfully state that as adequate protection for the diminution in value of Cash Collateral, the Debtors will: (i) maintain the value of their businesses as a going-concern; (ii) comply at all times with the Budget, subject to reasonable variances; (iii) provide, subject to the limited Carve-Out, Replacement Liens and Adequate Protection Superpriority Claims to the Prepetition Lenders to the extent of any diminution in value of their collateral; and (iv) make monthly payments of principal and interest to the Senior Lender in accordance with the terms of the Senior Lender Loan Documents.

## BASIS FOR RELIEF REQUESTED

14. A debtor may use cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. 11 U.S.C. § 363(c)(2). In accordance with Bankruptcy Code section 363(c)(3), the Court must condition a debtor's use of cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party. 11 U.S.C. § 363(c)(3).

15. Bankruptcy Rule 4001(b) and (d) governs the procedure for consideration of motions to use cash collateral, and both subsections provide for expedited consideration of such motions for cases in which immediate interim relief may be crucial to the success of a reorganization. *See* FED. R. BANKR. P. 4001(b) and (d).

A.  **The Debtors Require Immediate Use of Cash Collateral**

16. As described in the First Day Declaration, the Debtors have an immediate postpetition need to use Cash Collateral on an interim basis. The Debtors cannot maintain their

ACTIVE 704205512v1

business operations or the value of their estates during the pendency of these cases without access to cash. The Debtors will use cash to, among other things, continue operating their businesses and satisfy other working capital needs during these cases.

17. Substantially all of the Debtors' available cash may constitute the Prepetition Lenders' cash collateral, as that term is used by section 363(c) of the Bankruptcy Code. If accurate, the Debtors will therefore be unable to proceed with operating their businesses without the ability to use Cash Collateral, and will suffer immediate and irreparable harm to the detriment of all creditors and other parties in interest. In short, the use of Cash Collateral is vital to the preservation and maintenance of the value of the Debtors' estates.

18. The Debtors, therefore, seek immediate authority to use the Cash Collateral on an interim basis and as set forth in this Motion and in the Interim Order to prevent immediate and irreparable harm to their estates pending the Final Hearing pursuant to Bankruptcy Rule 4001(b). Accordingly, the Debtors respectfully submit that they have satisfied the requirements of Bankruptcy Rule 4001 to support an expedited preliminary hearing and immediate Cash Collateral availability on an interim basis.

**B.      The Proposed Adequate Protection is Sufficient**

19. Section 363(e) of the Bankruptcy Code provides for adequate protection of interests in property when a debtor uses cash collateral. Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996). While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994); *see also In*

*re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy ¶ 361.01 [1] at 361-66 (15th ed. 1993) (explaining that adequate protection can take many forms and "must be determined based upon equitable considerations arising from the particular facts of each proceeding").

20. The concept of adequate protection is designed to shield a secured creditor from diminution in the value of its interest in collateral during the period of a debtor's use. *See In re Carbone Cos.*, 395 B.R. 631, 635 (Bankr. N.D. Ohio 2008) ("The test is whether the secured party's interest is protected from diminution or decrease as a result of the proposed use of cash collateral."); *In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180—81 (Bankr. D. Del. 1993) (holding that adequate protection for use of collateral under section 363 of the Bankruptcy Code is limited to use-based decline in value).

21. Through this Motion, the Debtors intend to provide adequate protection, to the extent of the aggregate diminution in value of Cash Collateral from and after the Petition Date, to the Prepetition Lenders, for the use of the Cash Collateral by:

- maintaining the going concern value of the Prepetition Collateral by using the Cash Collateral in accordance with the Budget to continue to operate the businesses and administer these chapter 11 cases;

- providing Replacement Liens and Adequate Protection Superpriority Claims, subject to the Carve-Out, to the Prepetition Lenders to the extent of any diminution in value of the collateral; and

- making monthly principal and interest payments to the Senior Lender consistent with the terms of the underlying Senior Lender Loan Documents.

22. The continuation of the Debtors' operations presents the best opportunity for the Prepetition Lenders to receive the greatest recovery on account of its claims against the estates. Accordingly, the Debtors submit that use of the Cash Collateral will allow the Debtors to continue operations, at least for a brief period, and thereby preserve the lenders' collateral and protect the

8
ACTIVE 704205512v1

interests of all stakeholders. Courts have consistently recognized that the preservation of the going concern value of secured lenders' collateral constitutes adequate protection of such creditors' interest in the collateral. *See, e.g., In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 716 (Bankr. D. Del. 1996) (holding that if there is no actual diminution of value of collateral and the debtor can operate profitably post-petition, then the secured creditor is adequately protected); *see also In re 499 W. Warren St. Assocs., Ltd. P'ship*, 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992) (finding a secured creditor's interest in collateral adequately protected when cash collateral was applied to normal operating and maintenance expenditures on the collateral property). Furthermore, and as noted above, the Junior Lenders have expressed their consent to the relief sought by the Debtors in this Motion.

## REQUEST FOR FINAL HEARING

23. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtors request that the Court (i) set a date for the Final Hearing as soon as practicable to consider entry of a Final Order and (ii) fix the date and time prior to the Final Hearing for parties to file objections to the relief requested by this Motion.

## EMERGENCY CONSIDERATION

24. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. As described herein and in the First Day Declaration, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

**REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)**

25. The Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

**RESERVATION OF RIGHTS**

26. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors, or (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' rights to dispute such claim.

**NOTICE**

27. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) parties listed on the modified Official Form 204 filed with the Debtors' petitions; (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Prepetition Lenders; and (g) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

28. No previous application for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter the proposed Interim Order in substantially the form attached hereto, (b) schedule a Final Hearing to consider entry of a Final Order, and (c) grant the Debtors such other and further relief as is just and equitable.

Date: November 15, 2024

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ David R. Eastlake
David R. Eastlake (Texas Bar No. 24074165)
Emily Nasir (Texas Bar No. 24118477)
1000 Louisiana St., Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Emails: David.Eastlake@gtlaw.com
Emily.Nasir@gtlaw.com

-and-

Nancy A. Peterman (admitted *pro hac vice*)
Danny Duerdoth (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Emails: PetermanN@gtlaw.com
DuerdothD@gtlaw.com

- and –

Joseph P. Davis III (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6204
Facsimile: (617) 279-8403
Email: Davisjo@gtlaw.com

***Proposed Counsel to the Debtors
and Debtors in Possession***

## CERTIFICATION UNDER BANKRUPTCY LOCAL RULE 9013-1(i)

Pursuant to Bankruptcy Local Rule 9013-1(i), the undersigned counsel certifies that the basis for emergency relief set forth herein is accurate.

*/s/ David R. Eastlake*
David R. Eastlake

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David R. Eastlake*
David R. Eastlake