# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> SPICEY PARTNERS REAL ESTATE HOLDINGS, LLC, *et al.*,[1] <br><br> Debtors. | § § § § § § § § § § § <br> Chapter 11 <br><br> Case No. 24-90572 (CML) <br><br> (Jointly Administered) |

**DECLARATION OF PAUL R. ORISTAGLIO PROVIDING DISCLOSURES PURSUANT TO RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

I, Paul R. Oristaglio, declare under penalty of perjury:

1. I am the Chief Executive Officer of CFO2higher, LLC, LLC which has its office at 955 County Road, Barrington, RI 02806. Through CFO2higher, LLC, LLC, I contract with businesses to provide high value financial resources, strategic planning, controllership and bookkeeping services on a part-time, contract basis. I am authorized to execute this declaration (the "Declaration") on behalf of CFO2higher, LLC. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.[2]

2. I submit this Declaration in support of the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of Riparian Partners LLC as Investment Banking Advisor for the Debtors, Effective as of December 9, 2024 [Docket No. 114]* (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781). The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at CFO2higher, LLC and are based on information provided by them.

"Riparian Retention Application")[3] and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Through the Riparian Retention Application, Cosmed Group, Inc. ("Cosmed") and Spicey Partners Real Estate Holdings, LLC ("Spicey Partners"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), seek to retain and employ Riparian Partners LLC ("Riparian") as their investment banking advisor. The Debtors filed the Riparian Retention Application on December 10, 2024.

3. I have been retained by Riparian to provide financial resources, strategic planning, controllership and bookkeeping services on a part-time, contract basis in connection with its engagement in these chapter 11 cases.

4. In accordance with Bankruptcy Rule 2014(a), I obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest"), which parties are listed on "Schedule 1" annexed hereto. I then compared the names of the Potential Parties in Interest with the names of entities that CFO2higher, LLC has entered into engagement agreements with in the last three (3) years. CFO2higher, LLC has not entered into any engagement agreements with any of the Potential Parties in Interest. It is possible that CFO2higher, LLC may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters. To the extent CFO2higher, LLC discovers any, or enters into any new, material relationship with Potential Parties in Interest, it will supplement this Declaration.

5. CFO2higher, LLC may also represent, or may have represented, affiliates, equity holders, or sponsors of Potential Parties in Interest and CFO2higher, LLC may have worked with,

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Riparian Retention Application.

ACTIVE 704885502v1

continues to work with, has or had mutual clients with, been represented by and/or advised certain accounting and law firms who appear on the Potential Parties in Interest list. CFO2higher, LLC may also represent, or may have represented in the past, committees, or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that appear on the Potential Parties in Interest list. Certain of the Potential Parities in Interest may also be vendors and/or have other non-investment banking relationships with CFO2higher, LLC. Although I have researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom CFO2higher, LLC may maintain business relationships.

6. CFO2higher, LLC does not hold any prepetition claim against the Debtors for fees or expenses. CFO2higher, LLC will be retained and employed by Riparian as an independent contractor. Riparian shall be solely responsible for CFO2higher, LLC's fees and expenses, and CFO2higher, LLC shall have no recourse against the Debtors or their estates for such amounts.

7. Other than as disclosed herein, CFO2higher, LLC has no relationship with the Debtors of which I am aware after due inquiry.

8. Based upon the foregoing, except as otherwise set forth herein, to the best of my knowledge, information, and belief, CFO2higher, LLC (i) is not a creditor, equity security holder or an insider of the Debtors and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors.

9. The foregoing constitutes the statement of CFO2higher, LLC pursuant to Bankruptcy Rule 2014(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 11, 2024

**CFO2higher, LLC**

By: /s/ *[signature]*
Paul R. Oristaglio
Chief Executive Officer