**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS (HOUSTON)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                            :
**In re**                                                   :        **Chapter 11**
                                                            :
**SPICEY PARTNERS REAL ESTATE**                             :        **Case No. 24-90572 (CML)**
**HOLDINGS, LLC, ET AL.**                                   :
                                                            :
        **Debtor.**                                         :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<u>**SCHEDULE OF ASSETS AND LIABILITIES FOR**</u>
<u>**SPICEY PARTNERS REAL ESTATE HOLDINGS, LLC, ET AL. (CASE NO. 24-90572)**</u>

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781). The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SPICEY PARTNERS REAL | § | Case No. 24-90572 |
| ESTATE HOLDINGS, LLC, *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

**GLOBAL NOTES, RESERVATIONS OF RIGHTS, STATEMENTS
OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING
THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS**

Debtors Cosmed Group, Inc. ("Cosmed Group") and Spicey Partners Real Estate Holdings, LLC ("Spicey," and together with Cosmed Group, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") in the United States Court for the Southern District of Texas (the "Court") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Global Notes and Overview of Methodology**

1.     **Description of Cases.**  On November 14, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 15, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 11].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own set of Schedules and Statements.  On December 16, 2024, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

2.     **Global Notes Control.**  These *Global Notes, Reservations of Rights, Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781).  The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

should be referred to, considered and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement, or a particular part or item therein, and not as to others, does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the remaining Schedules or Statements, or other parts or items therein, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment, as the case may be.

3.    **Basis of Presentation.**  The Schedules and Statements are unaudited and do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("GAAP"), nor were they reconciled with the Debtors' financial statements.  These Schedules and Statements represent a good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

4.    **Signatory.**  David G. Howe has signed each set of Schedules and Statements. Mr. Howe serves as the Chief Operating Officer of each of the Debtors and is an authorized signatory for each of the Debtors in these cases. In reviewing and signing the Schedules and Statements, Mr. Howe has necessarily relied upon the efforts, statements, advice, and representations of the Debtors' personnel. Mr. Howe has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

5.    **Reporting Date.**  Unless otherwise noted herein or in the Schedules and Statements, all asset values (other than for cash holdings and deposits) contained in the Schedules and Statements and herein are as of October 31, 2024.  Values of cash holdings and deposits are based on bank statement balances as of the Petition Date.  In addition, the values of most prepayments are as of October 31, 2024, but the values for professional retainers are as of the Petition Date.  Furthermore, the values of the Debtors' liabilities are as of the Petition Date; however, certain liability values have been adjusted for authorized payments made under the First Day Orders (as defined below).

6.    **Reservation of Rights.**  The Debtors and their advisors who assisted in the preparation of the Schedules and Statements do not guarantee or warrant the accuracy or

completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by errors or omissions, negligent or otherwise, in preparing, collecting, reporting, or communicating the information contained herein. The Debtors and their advisors do not have an obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party upon such revisions. In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or other damages (including, but not limited to, damages arising from the disallowance of a potential claim against a Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their advisors are advised of the possibility of such damages. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve their rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to amend the Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, among other items reported in the Schedules and Statements. Nevertheless, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The listing of a claim on Schedule D as "secured," on Schedule E/F (Part 1) as "priority," on Schedule E/F (Part 2) as "nonpriority" or the listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors as to the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or re-classify such claim or contract pursuant to an amendment to the Schedules, a claim objection, or otherwise. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

7. **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of October 31, 2024. Cash is reported based on the balances provided on the bank statements for the Debtors' bank accounts as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. In some instances, the Debtors have used estimates where actual

data was not available.  The Debtors have not hired a third party to value their assets for purposes of completing the Schedules and Statements.

8.      **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars.

9.      **Quantification of Claims.**  Amounts that were not readily quantifiable by the Debtors are reported as "undetermined," "unknown," or "N/A" and any such designation is not intended to reflect the magnitude or materiality of any claim.

10.      **Claims Paid Pursuant to Court Orders.**  Pursuant to several motions filed on or around the Petition Date (the "<u>First Day Motions</u>"), the Debtors sought authority to pay certain outstanding prepetition payables pursuant to court order.  The Court entered certain orders authorizing the Debtors to pay certain of the outstanding prepetition payables it sought to pay under the First Day Motions (the "<u>First Day Orders</u>").  Consequently, certain prepetition fixed, liquidated, and undisputed unsecured claims, including, but not limited to, certain claims for employee wages that had accrued in the 180 days prior to the Petition Date, have been paid following the Petition Date.  Where and to the extent these claims have been satisfied or are anticipated to be satisfied, they may not be listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

11.      **Prepetition and Postpetition Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

12.      **Setoffs.** The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights regarding such credits, allowances, or other adjustments.

13.      **Property and Equipment.**  Nothing in the Schedules or Statements, including, without limitation, the failure to list leased property or equipment as owned property or equipment or vice-versa, constitutes, or shall be construed as, an admission as to the determination of legal status of any lease, including whether any lease is a true lease or financing arrangement, and the Debtors reserve all their rights with respect to such issues.

14.      **Exclusions.**  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded potential rejection damage claims of counterparties to executory

contracts and unexpired leases that may be rejected, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

15.     **Causes of Action.**  The Debtors, despite their reasonable efforts, may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any causes of action they may have, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory of law, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

16.     **Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with the provisions of section 101(31) of the Bankruptcy Code.  Persons listed as "insiders" have been included for informational purposes only, however, and the designation of such persons as "insiders" on the Schedules and Statements does not constitute, and should not be construed as, an admission that such persons constitute insiders within the meaning of section 101(31) of the Bankruptcy Code.  Moreover, these Global Notes and the Schedules and Statements do not take any position with respect to: (a) any person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such person; (c) the decision making or corporate authority of any such person; or (d) whether the Debtors or any person who may have had control over the Debtors could successfully argue that such person is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

17.     **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantors, co-obligors, or other secondarily-liable parties under executory contracts, unexpired leases, secured financing agreements, and other such arrangements or agreements.  Where such guarantors or co-obligors have been identified, the Debtors have included them in the relevant Schedules D, E/F, G and/or H for the applicable Debtor.  The Debtors may have inadvertently omitted certain guarantees or other secondary liability embedded in their contractual agreements.

18.     **Totals.**  All totals that are included in the Schedules and Statements represent totals of known amounts only and do not include any undetermined amounts.  To the extent there are unknown or otherwise undetermined amounts, the actual total may be materially different than the listed total.  Due to unliquidated, contingent and/or disputed claims, summary statistics in the Schedules and Statements may significantly understate the Debtors' liabilities.

19.     **Intellectual Property Rights.**  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

20.     **Accuracy.**  The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws, or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should

evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws.

**Redactions.** Pursuant to Paragraph 4 of the *Order (I) Authorized the Debtors to File a Consolidated Creditor Matrix; (II) Authorizing the Debtors to File a Consolidated List of the Top 30 Unsecured Claimants; (III) Authorizing the Debtors to Redact Certain Personal Information; and (IV) Approving the Form and Manner of Notice of Commencement of these Chapter 11 Cases and other Information* [Docket No. 59] (the "Notice Procedures Order"), the Debtors have redacted the personally identifiable information for all individuals in the Schedules and Statements, including the EtO Claimants (as defined below). For the Debtors' officers and directors, the Debtors listed the Debtors' corporate office as their address.

The Debtors have also redacted the names and addresses of their customers to protect sensitive commercial information. The Debtors are seeking Court authority to redact such information as more fully described in the *Motion of the Debtors to Redact Confidential Customer Information* [Docket No. 134].

## Specific Notes to the Schedules of Assets and Liabilities

### Classifications of Claims

Listing a claim on Schedule D as "secured," or on Schedule E/F as "priority" or "nonpriority," or a contract or lease on Schedule G as "executory" or "unexpired," does not, in each case, constitute an admission by the Debtors of the legal rights of the claimant or the legal status of such claim or contract, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

### Summary of Assets and Liabilities

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP. The Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise, which may reflect consolidation, elimination and step-up in basis adjustments to the financial statements.

### Schedule A/B

As noted above, despite commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

### Part 2, Items 7 & 8 – Deposits & Prepayments.

The Debtors' characterization of an asset listed in Part 2, Items 7 and 8 is not a legal characterization of either a deposit or a prepayment. The Debtors reserve their rights to re-categorize or recharacterize such assets at a later time as appropriate. All prepayments are as of

6

October 31, 2024, except for professional retainer payments which are as of the Petition Date. Prior to the Petition Date, certain of the Debtors' professionals were paid advance payment retainers by the Debtors and therefore, these retainers are property of the various professionals. The professionals have agreed to apply their respective retainers to fees and expenses allowed in these cases and to the extent that any such retainer monies are not used for such purposes, any remaining balance will be remitted to the Debtors.

### Part 3, Item 11 – Accounts Receivable.

Historically, the Debtors have not record an allowance for doubtful accounts. As a result, the Debtors did not reflect any reserve against the accounts receivable.

### Part 4, Item 15 – Non-publicly Traded Stock and Interests.

Hazel Holdings, LLC is an inactive, wholly-owned subsidiary of Cosmed Group that does not hold any assets or liabilities. Hazel Holdings, LLC was previously used for real estate acquisitions.

### Part 7, Items 39, 40, and 41 – Office Furniture, Fixtures, and Equipment.

Cosmed Group has listed all of its office furniture, fixtures, and equipment at its corporate office and facilities. Dollar amounts are presented net of accumulated depreciation and other adjustments.

### Part 8 – Machinery, Equipment, and Vehicles.

Cosmed Group has listed, in Schedule A/B, all of its machinery and equipment at its facilities. Dollar amounts are presented net of accumulated depreciation and other adjustments.

### Part 9, Item 55 – Real Property.

Cosmed Group leases its office building from NA Ventures, LLC ("NA Ventures") and its facility in Erie, Pennsylvania from Spicey. There are no leases in place; Cosmed Group has historically paid for expenses at each location (e.g., utilities, maintenance, taxes, etc.).

### Part 10, Item 62 – Licenses, Franchises, and Royalties.

The value of the Debtors' intangible assets is listed on Schedule A/B, Part 10 as undetermined as the Debtors have not conducted a recent valuation of intangible asset value.

The Debtors are scheduling certain licenses and permits required to operate their business. These licenses and permits are not traded on an open market and as a result the Debtors have scheduled their value as "undetermined." Notwithstanding that fact, the licenses and permits are valuable to the Debtors as they would be unable to operate their business without them.

**Part 11, Item 73 – Interests in Insurance Policies or Annuities.**

A list of the Debtor's insurance policies and related information is set forth in the *Emergency Motion of Debtors for Entry of Order (I) Authorizing Debtors to Continue Insurance Policies and Pay All Obligations with Respect Thereto and (II) Granting Related Relief* [Docket No. 26].

The Debtors pay life insurance premiums on behalf of certain key employees. The Debtors executed split-dollar agreements in connection with these life insurance policies, whereby the cumulative premiums paid by the Debtors are to be repaid to the Debtors from either the insurance proceeds upon settlement of the policy or from the cash surrender value of the policy should the policy be terminated prior to settlement. The stated value of the life insurance premiums is based on the balance sheet attached to the Debtors' 2023 year-end tax return.

**Part 11, Item 74 – Causes of Action Against Third Parties.**

There is an insurance coverage dispute between Cosmed Group and Hartford Insurance Company ("Hartford") and several of Hartford's affiliates pending in United States District Court for the District of Rhode Island in the case captioned *Hartford Fire Ins. Co.* et al. *v. Cosmed Group, Inc*, Case No. 1:24-CV-00080-WES-PAS (D.R.I.) (the Insurance Coverage Dispute"). Hartford denied Cosmed Group insurance coverage in relation to certain pending litigation involving the EtO Claimants and sought declaratory relief by initiating the Insurance Coverage Dispute. Cosmed believes that the denial was improper and has asserted counterclaims against Hartford and its affiliates in the Insurance Coverage Dispute.

**Part 11, Item 77 – Other Property of Any Kind.**

Construction Projects – Capitalized Costs. In the ordinary course, Cosmed Group oversees various construction projects and incurs costs for materials, labor, and equipment. These costs are recorded as an asset on the Debtors' balance sheet. Once the underlying asset associated with a project is sold, the capitalized cost is removed from the balance sheet.

Management Fees. Cosmed Group provides non-debtor affiliates Cosmed Group of Dominican Republic, Inc. ("Cosmed Group of DR") and Sterilization and Fumigation Services, Inc. ("SFS") with back-office services such as settlements, clearances, record maintenance, regulatory compliance, and accounting and earns a management fee that is denoted as an intercompany receivable on the Debtors' books and records.

Rights of Use Asset. Cosmed Group leases certain administrative and operating facilities and includes operating lease Right Of Use assets ("ROU Assets") on the balance sheet. ROU Assets represent the right to use an underlying asset for the lease term. ROU Assets are recognized at the lease commencement date based on present value of lease payments over the lease term.

**Schedule D**

Schedule D lists the secured claims held by creditors as of the Petition Date. The Debtors note, however, that the secured claims of The Washington Trust Company ("Washington Trust") against each of the Debtors were transferred and assigned to Michael L. Howe on December 11,

2024 as reflected in the *Notice of Transfer of Claim Pursuant to Bankruptcy Rule 3001(E)(1)* [Docket No. 120].

**Schedule E/F**

**Priority/Nonpriority Status**

The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code or that the amount of the claim is accurate. Additionally, certain of the claims of state and local taxing authorities set forth in Part 1 of Schedule E/F ultimately may be deemed, in whole or in part, to be secured claims pursuant to state or local laws or priority claims under the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis.

Parties who have asserted claims relating to ethylene oxide ("EtO") involving the Debtors (collectively, the "EtO Claimants"), whether filed or unfiled, and who are known to the Debtors are listed on Part 2 of Schedule E/F as holders of nonpriority unsecured claims. The EtO Claimants have been listed on Schedule E/F with respect to any unsecured claim they may have or assert against the Debtors. Due to their volume, the EtO Claimants' EtO-related claims identified on Part 2 of Schedule E/F for the Debtors have been listed in a separate redacted attachment thereto. In accordance with the redaction procedures provided in the Notice Procedures Order, the Debtors have redacted the personally identifiable information of the EtO Claimants, unless such information was previously disclosed in these cases through *The United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 131] or the *Notice of Filing of Amended Top 30 List* [Docket No. 63]. Each EtO-related claim is contingent, unliquidated, and disputed by the Debtors. There are at least 477 EtO-related claims asserted against Cosmed Group (160 unfiled; 317 filed), and there are at least 8 EtO-related claims asserted against Spicey.

The Debtors listed the unsecured claim held by Balchem Corporation as of the Petition Date, but paid that claim in full pursuant to the *Order (I) Authorizing the Debtors to Pay all Prepetition Amounts Due and Owing to Balchem Corporation and (II) Granting Related Relief* [Docket No. 119].

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts may be reflected on the Debtor's books and records as required in accordance with GAAP. Accruals are general estimates of liability and may not represent specific claims as of the Petition Date.

**Claims of Counterparties to Executory Contracts and Unexpired Leases**

Schedule E/F reflects the prepetition amounts owing as of the Petition Date to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule H**

As reflected in the Debtors' Schedule H, as of the Petition Date, the Debtors, Michael Howe, NA Ventures, and SFS were co-debtors in relation to the secured claims held by Washington Trust. As noted above, the secured claims held by Washington Trust were transferred and assigned to Michael Howe on December 11, 2024. The Debtors, NA Venture, and SFS remain as co-debtors on the secured claims now held by Michael Howe as of the date hereof.

**Schedule G**

Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, early termination rights, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G.

Any and all rights, claims, and causes of action of the Debtors with respect to the agreements listed on Schedule G are hereby reserved and preserved.

### Specific Notes to the Statements of Financial Affairs

**Part 1, Item 1 – Income.**

Cosmed Group owns all of the assets that produce revenue from the business of the Debtors; therefore, the Debtors have listed all gross revenue from the business of the Debtors on the Statement for Cosmed Group. The gross revenue for 2024 is an estimate.

**Part 2, Item 4 – Payments or Transfers Benefitting Insiders.**

Prior to the Petition Date, Cosmed Group made certain payments "for the benefit of" Spicey and certain non-Debtor affiliates, including Cosmed Group of DR and SFS, which have been marked with the label "FBO." Therefore, while any transfers of funds are transfers of property of such entity, such transfers are listed on the Statement of Cosmed Group because the transfer initiated at an account held by Cosmed Group.

All payments to insiders, including payments to insiders made within ninety (90) days of the Petition Date, have been listed under Item 4.

**Part 3, Item 7 – Legal Actions.**

Attached as Schedule 1 to Cosmed Group's Statements, the Debtors have prepared a separate attachment that lists out each individual EtO-related matter against Cosmed Group that is (or was) part of the consolidated EtO litigation cases before the Circuit Court of Cook County (the "State Court"). The Debtors note that as of the Petition Date, certain of the EtO-related matters were before the United States District Court for the Northern District of Illinois (the "District Court") in the case captioned: *In re: Ethylene Oxide Coordinated Pretrial*, Case No. 24 C7261 (N.D. Ill.) (Alonso, J.). On December 3, 2024, the District Court entered the *Memorandum Opinion and Order* [Docket No. 59] (the "Opinion and Order") remanding all EtO-related matters before it back to the Circuit Court of Cook County, Illinois. The attachment for Cosmed Group accounts for the Opinion and Order and lists the State Court as the jurisdiction for each individual EtO-related matter.

**Part 12, Item 23 – Governmental Unit Notices.**

With respect to the notices received from the Pennsylvania Department of Environmental Protection and New Jersey Department of Environmental Protection, the Debtors denied all allegations of environmental law violations. The notices have not led to any fines or further investigations, and the Debtors believe that these notices have been resolved and concluded.

**Part 13, Item 26.b – Financial Statements.**

Historically, the Debtors have conducted an annual certified financial audit of their consolidated financials with certain non-Debtor affiliates, including Cosmed Group of DR and SFS. In the course of such audits of the Debtors' consolidated financials, certain testing may have been performed with respect to certain individual Debtor entities; however, no individual certified financial audits were ever produced as to any individual Debtor entities.

**Part 13, Item 26.d – Parties that have received the Debtors' Financial Statements.**

As noted herein, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP for financial reporting purposes. The Debtors issue their consolidated financial statements in the ordinary course of business. It would be a timely and burdensome task for the Debtors to go through their records to identify all financial institutions, creditors, and other parties to whom the Debtors have issued a financial statement within the two (2) years prior to the Petition Date; accordingly, the Debtors have only identified certain parties.

**Part 13, Item 30 – Payments involving Insiders.**

Prior to the Petition Date, Cosmed Group made certain payments for the benefit of some of the Debtors' officers and directors. Cosmed Group disclosed such payments in Part 4 of its Statements and did not list them in Part 13, Item 30 to avoid unnecessary duplication.

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**            Case number (if known)  **24-90572**
        Name

| Fill in this information to identify the case: |
|---|

Debtor name        **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:     **Southern District of Texas (Houston)**

Case number (if known)    **24-90572**                              ☐ Check if this is an
                                                                      amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

     1a.  **Real property:**
        Copy line 88 from Schedule A/B.................................................................  $     **656,959.14**
                                                                **plus undetermined amounts**

     1b.  **Total personal property:**
        Copy line 91A from Schedule A/B.............................................................  $     **Undetermined**

     1c.  **Total of all property:**
        Copy line 92 from Schedule A/B...............................................................  $     **656,959.14**
                                                                **plus undetermined amounts**

| Part 2: | Summary of Liabilities |
|---|---|

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D...........................  $     **4,903,571.39**

3.  ***Schedule E/F:*** **Creditors Who Have Unsecured Claims** (Official Form 206E/F)

     3a.  **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................  $     **Undetermined**

     3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................  +$     **Undetermined**

4.  **Total liabilities** ................................................................................................
    Lines 2 + 3a + 3b

                                       $     **4,903,571.39**

**Fill in this information to identify the case:**

Debtor name     **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:     **Southern District of Texas (Houston)**

Case number (if known)     **24-90572**

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**     **Cash and cash equivalents**

**1. Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.
☐ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.**     **Cash on Hand** | |
| 2.1 | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **3.**     **Checking, savings, money market, or financial brokerage accounts** | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1 | | | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **4.**     **Other cash equivalents** *(Identify all)* | |
| 4.1 | $0.00 |

Debtor **Spicey Partners Real Estate Holdings, LLC, et al.**          Case number (*if known*) **24-90572**
       Name

---

5.  **Total of Part 1.**
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

    | $0.00 |

---

## Part 2:   Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.

   ☐ Yes. Fill in the information below

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 7. | **Deposits, including security deposits and utility deposits** | |
|  | Description, including name of holder of deposit | |
| 7.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | |
|  | Description, including name of holder of prepayment | |
| 8.1 | | $0.00 |

---

9.  **Total of Part 2.**
    Add lines 7 through 8. Copy the total to line 81.

    | $0.00 |

---

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ■ No. Go to Part 4.

    ☐ Yes. Fill in the information below

|  | **Current value of debtor's interest** |
|---|---|
| 11. **Accounts receivable** | |

12. **Total of Part 3.**
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

    | $0.00 |

---

Debtor    **Spicey Partners Real Estate Holdings, LLC, et al.** _____    Case number (*if known*)  **24-90572** _____
          Name

---

| **Part 4:** | **Investments** |
| --- | --- |

13. **Does the debtor own any investments?**

■ No. Go to Part 5.

☐ Yes. Fill in the information below

| | | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 14. | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 14.1 | | | $0.00 |

| | | | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | | |
| | Name of entity: | % of ownership | | |
| 15.1 | | | | $0.00 |

| | | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |
| 16.1 | | | $0.00 |

---

17. **Total of Part 4.**
    Add lines 14 through 16. Copy the total to line 83.

    | $0.00 |
    | --- |

---

| **Part 5:** | **Inventory, excluding agriculture asset** |
| --- | --- |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.

☐ Yes. Fill in the information below

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.** _____ Case number (*if known*) **24-90572** _____

Name

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** | **Raw materials** | | | |
| 19.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **20.** | **Work in progress** | | | |
| 20.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **21.** | **Finished goods, including goods held for resale** | | | |
| 21.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **22.** | **Other inventory or supplies** | | | |
| 22.1 | | | | $0.00 |

**23.** **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.                                   **$0.00**

**24.** **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____ Valuation method _____ Current Value _____

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**                                    Case number (*if known*)   **24-90572**
_____
Name

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐  No.

☐  Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■  No. Go to Part 7.

☐  Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops–either planted or harvested** | | | |
| 28.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **29. Farm animals** *Examples: Livestock, poultry, farm-raised fish* | | | |
| 29.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **30. Farm machinery and equipment** *(Other than titled motor vehicles)* | | | |
| 30.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |

| Debtor | Spicey Partners Real Estate Holdings, LLC, et al. | Case number (*if known*) | 24-90572 |
|---|---|---|---|
| | Name | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **32.** **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33.** **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

| |
|---|
| **$0.00** |

**34.** **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No.

  ☐ Yes.

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____  Valuation method _____  Current Value _____

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

**Part 7:** Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.

☐ Yes. Fill in the information below

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.** _____   Case number (*if known*) **24-90572** _____

Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**   **Office furniture** | | | |
| 39.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40.**   **Office fixtures** | | | |
| 40.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.**   **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42.**   **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43.**   **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86

**$0.00**

**44.**   **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**     Case number (*if known*)  **24-90572**
_____
Name

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | _____ | _____ | $0.00 |

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors,floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | _____ | _____ | $0.00 |

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 49. **Aircraft and accessories** | | | |
| 49.1 _____ | _____ | _____ | $0.00 |

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 _____ | _____ | _____ | $0.00 |

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**          Case number (*if known*)  **24-90572**
_____
Name

**51.**  **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

|  | **$0.00** |
|---|---|

**52.**  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

**53.**  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

**Part 9:**  **Real property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

■ Yes. Fill in the information below

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **55.**  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1  LAND; 2205 E 33RD ST, ERIE, PA 16510-2555 | LAND | $218,058.00 | NET BOOK VALUE | $218,058.00 |
| 55.2  OFFICE BUILDING; 2205 E 33RD ST, ERIE, PA 16510-2555 | OWNED | $438,901.14 | NET BOOK VALUE | $438,901.14 |

**56.**  **Total of Part 9.**
Add the current value on lines 55.1 through 55.2 and entries from any additional sheets.
Copy the total to line 88

|  | **$656,959.14** |
|---|---|

**57.**  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

■ Yes.

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**                           Case number (*if known*)  **24-90572**
         Name

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐  No.

☐  Yes.

**Part 10:**  **Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐  No. Go to Part 11.

■  Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **61.  Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **62.  Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **63.  Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**                          Case number (*if known*)  **24-90572**
        Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64.** | **Other intangibles, or intellectual property** | | |
| 64.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **65.** | **Goodwill** | | |
| 65.1 | | | $0.00 |

**66.** **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$0.00

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?

☑ No.
☐ Yes.

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**               Case number (*if known*)  **24-90572**
_____                        _____
Name

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) |  |
| 71.1 | | $0.00 |
| | Total face amount         doubtful or uncollectible amount | |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) |  |
| 72.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 73. | **Interests in insurance policies or annuities** |  |
| 73.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** |  |
| 74.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** |  |
| 75.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|---|---|---|
| 76. | **Trusts, equitable or future interests in property** |  |
| 76.1 | | $0.00 |

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**  Case number (*if known*)  **24-90572**

   Name

|  | Current value of debtor's interest |
|---|---|

**77.**  **Other property of any kind not already listed Examples:** Season tickets, country club membership

77.1  _____  $0.00

**78.**  **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| | **$0.00** |

**79.**  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**
Name

Case number (*if known*)   **24-90572**

---

**Part 12:**   Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..............................................................> | | $656,959.14 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total. Add lines 80 through 90 for each column** | $0.00   +91b. | $656,959.14 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $656,959.14 |

---

**Fill in this information to identify the case:**

Debtor name      **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:      **Southern District of Texas (Houston)**

Case number (if known)      **24-90572**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below

**Part 1:      List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** | **Secured creditor name and mailing address** | $4,903,571.39 | UNDETERMINED |
| | **Describe debtor's property that is subject to a lien** | | |
| | SUBSTANTIALLY ALL ASSETS OF COSMED GROUP, INC. | | |
| | WASHINGTON TRUST COMPANY<br>10 WEYBOSSET STREET<br>PROVIDENCE RI 02903 | | |
| | **Describe the lien** | | |
| | SENIOR SECURED LOANS | | |
| | **Secured creditor's email address** | | |
| | **Is the creditor an insider or related party?** | | |
| | ■ No | | |
| | ☐ Yes | | |
| | **Date debt was incurred** | | |
| | VARIOUS | | |
| | **Is anyone else liable on this claim?** | | |
| | ☐ No | | |
| | ■ Yes *Fill out Schedule H: Codebtors (Official Form 206H)* | | |
| | **Last 4 digits of account number** | | |
| | **Do multiple creditors have an interest in the same property?** | | |
| | ☐ No | | |
| | ■ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply | | |
| | | ☐ Contingent | | |
| | | ☐ Unliquidated | | |
| | | ☐ Disputed | | |
| | 1) WASHINGTON TRUST COMPANY | | |

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$4,903,571.39** |
|---|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**                Case number (if known)  **24-90572**

Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.
If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| WASHINGTON TRUST COMPANY<br>23 BROAD STREET<br>WESTERLY RI 02891 | Line  2.1 | |
| WASHINGTON TRUST COMPANY<br>C/O PANNONE LOPES DEVEREAUX & O'GARA LLC<br>ATTN: JOSEPH M. DIORIO<br>NORTHWOODS OFFICE PARK<br>1301 ATWOOD AVE., SUITE 215 N<br>JOHNSTON RI 02919 | Line  2.1 | |
| WASHINGTON TRUST COMPANY<br>C/O WICK PHILLIPS GOULD & MARTIN, LLP<br>ATTN: CATHERINE A. CURTIS, JASON M. RUDD<br>3131 MCKINNEY AVENUE<br>SUITE 500<br>DALLAS TX 75204 | Line  2.1 | |

**Fill in this information to identify the case:**

Debtor name   **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:   **Southern District of Texas (Houston)**

Case number (if known)   **24-90572**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | As of the petition filing date, the claim is:<br>Check all that apply. | | |
| | | | UNDETERMINED | UNDETERMINED |
| | CITY OF ERIE TREASURER<br>PO BOX 1534<br>HERMITAGE PA 16148-0534 | ☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim: 8** | ☑ No<br>☐ Yes | | |

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.** _____   Case number (if known)   **24-90572** _____
_____
Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

**3.** List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | |
|-----|------|------|------|
| | | | **UNDETERMINED** |
| | NAME ON FILE<br>ADDRESS ON FILE | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | **Date(s) debt was incurred** <u>VARIOUS</u> | **Basis for the claim:** <u>ETO LITIGATION</u> | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ■ No ☐ Yes | |

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | |
|-----|------|------|------|
| | | | **UNDETERMINED** |
| | B. MOTLEY<br>C/O NAPOLI SHKOLNIK PLLC<br>ATTN: JOHN FONDA<br>1213 CULBRETH DR.<br>SUITE 227<br>WILMINGTON NC 28405 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | **Date(s) debt was incurred** <u>VARIOUS</u> | **Basis for the claim:** <u>ETO LITIGATION</u> | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ■ No ☐ Yes | |

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | |
|-----|------|------|------|
| | | | **UNDETERMINED** |
| | NAME ON FILE<br>ADDRESS ON FILE | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | **Date(s) debt was incurred** <u>VARIOUS</u> | **Basis for the claim:** <u>ETO LITIGATION</u> | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ■ No ☐ Yes | |

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | |
|-----|------|------|------|
| | | | **UNDETERMINED** |
| | K. LEFAIVER<br>C/O BOSWORTH LAW<br>ATTN: THOMAS E. BOSWORTH<br>123 SO. BROAD STREET<br>SUITE 1100<br>PHILADELPHIA PA 19107 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | **Date(s) debt was incurred** <u>VARIOUS</u> | **Basis for the claim:** <u>ETO LITIGATION</u> | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ■ No ☐ Yes | |

| Debtor | **Spicey Partners Real Estate Holdings, LLC, et al.** | Case number (if known) | **24-90572** |
|--------|--------|--------|--------|
| | Name | | |

| | | Amount of claim |
|---|---|---|

**3.5** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | **UNDETERMINED**

LEANNE MORTON
C/O NAPOLI SHKOLNIK PLLC
ATTN: HUNTER SHKOLNIK
1302 AVENIDA PONCE DE LEON
SAN JUAN PR 00907

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date(s) debt was incurred** <u>VARIOUS</u>     **Basis for the claim:** <u>ETO LITIGATION</u>

**Last 4 digits of account number**     **Is the claim subject to offset?** ■ No ☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | **UNDETERMINED**

NAME ON FILE
ADDRESS ON FILE

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date(s) debt was incurred** <u>VARIOUS</u>     **Basis for the claim:** <u>ETO LITIGATION</u>

**Last 4 digits of account number**     **Is the claim subject to offset?** ■ No ☐ Yes

---

**3.7** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | **UNDETERMINED**

NAME ON FILE
ADDRESS ON FILE

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date(s) debt was incurred** <u>VARIOUS</u>     **Basis for the claim:** <u>ETO LITIGATION</u>

**Last 4 digits of account number**     **Is the claim subject to offset?** ■ No ☐ Yes

---

**3.8** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply | **UNDETERMINED**

NAME ON FILE
ADDRESS ON FILE

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date(s) debt was incurred** <u>VARIOUS</u>     **Basis for the claim:** <u>ETO LITIGATION</u>

**Last 4 digits of account number**     **Is the claim subject to offset?** ■ No ☐ Yes

Debtor    **Spicey Partners Real Estate Holdings, LLC, et al.**                         Case number (if known)    **24-90572**
          _____
          Name

| Part 3: | List Others to Be Notified About Unsecured Claims |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
|---|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**

Name      Case number (if known)    **24-90572**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
| --- | --- | --- |
| **5a. Total claims from Part 1** | 5a. $ | **Undetermined** |
| **5b. Total claims from Part 2** | 5b. + $ | **Undetermined** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | **Undetermined** |

**Fill in this information to identify the case:**

Debtor name  **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:   **Southern District of Texas (Houston)**

Case number (if known)   **24-90572**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**Fill in this information to identify the case:**

Debtor name   **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:   **Southern District of Texas (Houston)**

Case number (if known)   **24-90572**

☐ Check if this is an
amended filing

Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  COSMED GROUP, INC. | 28 NARRAGANSETT AVE. JAMESTOWN RI 02835 | WASHINGTON TRUST COMPANY | ■ D  2.1<br>☐ E/F<br>☐ G |
| 2.2  MICHAEL L. HOWE | C/O HOWLEY LAW PLLC ATTN: TOM HOWLEY 700 LOUISIANA STREET SUITE 4545 HOUSTON TX 77002 | WASHINGTON TRUST COMPANY | ■ D  2.1<br>☐ E/F<br>☐ G |
| 2.3  NA VENTURES LLC | 28 NARRAGANSETT AVE. JAMESTOWN RI 02835 | WASHINGTON TRUST COMPANY | ■ D  2.1<br>☐ E/F<br>☐ G |
| 2.4  STERILIZATION AND FUMIGATION SERVICES, INC. | 28 NARRAGANSETT AVE. JAMESTOWN RI 02835 | WASHINGTON TRUST COMPANY | ■ D  2.1<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name    **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS (HOUSTON)

Case number (if known)    **24-90572**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ■ Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 30, 2024**      χ **/s/ David G. Howe**
                                           Signature of individual signing on behalf of the debtor

                                           **David G. Howe**
                                           Printed name

                                           **Chief Operating Officer**
                                           Position or relationship to debtor