### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS (HOUSTON)

```
--------------------------------------------x
                                            :
In re                                       :      Chapter 11
                                            :
SPICEY PARTNERS REAL ESTATE                 :      Case No. 24-90572 (CML)
HOLDINGS, LLC, ET AL.                       :
                                            :
          Debtor.                           :
                                            :
--------------------------------------------x
```

### STATEMENT OF FINANCIAL AFFAIRS FOR
### SPICEY PARTNERS REAL ESTATE HOLDINGS, LLC, ET AL. (CASE NO. 24-90572)

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781). The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SPICEY PARTNERS REAL | § | Case No. 24-90572 |
| ESTATE HOLDINGS, LLC, *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

**GLOBAL NOTES, RESERVATIONS OF RIGHTS, STATEMENTS
OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING
THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS**

Debtors Cosmed Group, Inc. ("Cosmed Group") and Spicey Partners Real Estate Holdings, LLC ("Spicey," and together with Cosmed Group, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") in the United States Court for the Southern District of Texas (the "Court") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Global Notes and Overview of Methodology**

1.     **Description of Cases.** On November 14, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 15, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 11]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own set of Schedules and Statements. On December 16, 2024, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

2.     **Global Notes Control.** These *Global Notes, Reservations of Rights, Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Spicey Partners Real Estate Holdings, LLC (6459) and Cosmed Group, Inc. (8781). The location of the Debtors' service address is 28 Narragansett Ave., Jamestown, RI 02835.

should be referred to, considered and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement, or a particular part or item therein, and not as to others, does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the remaining Schedules or Statements, or other parts or items therein, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment, as the case may be.

3.      **Basis of Presentation.**  The Schedules and Statements are unaudited and do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("GAAP"), nor were they reconciled with the Debtors' financial statements.  These Schedules and Statements represent a good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

4.      **Signatory.**  David G. Howe has signed each set of Schedules and Statements. Mr. Howe serves as the Chief Operating Officer of each of the Debtors and is an authorized signatory for each of the Debtors in these cases. In reviewing and signing the Schedules and Statements, Mr. Howe has necessarily relied upon the efforts, statements, advice, and representations of the Debtors' personnel. Mr. Howe has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

5.      **Reporting Date.**   Unless otherwise noted herein or in the Schedules and Statements, all asset values (other than for cash holdings and deposits) contained in the Schedules and Statements and herein are as of October 31, 2024.  Values of cash holdings and deposits are based on bank statement balances as of the Petition Date.  In addition, the values of most prepayments are as of October 31, 2024, but the values for professional retainers are as of the Petition Date.  Furthermore, the values of the Debtors' liabilities are as of the Petition Date; however, certain liability values have been adjusted for authorized payments made under the First Day Orders (as defined below).

6.      **Reservation of Rights.**  The Debtors and their advisors who assisted in the preparation of the Schedules and Statements do not guarantee or warrant the accuracy or

completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by errors or omissions, negligent or otherwise, in preparing, collecting, reporting, or communicating the information contained herein. The Debtors and their advisors do not have an obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party upon such revisions. In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or other damages (including, but not limited to, damages arising from the disallowance of a potential claim against a Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their advisors are advised of the possibility of such damages. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve their rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to amend the Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, among other items reported in the Schedules and Statements. Nevertheless, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The listing of a claim on Schedule D as "secured," on Schedule E/F (Part 1) as "priority," on Schedule E/F (Part 2) as "nonpriority" or the listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors as to the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or re-classify such claim or contract pursuant to an amendment to the Schedules, a claim objection, or otherwise. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

7. **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of October 31, 2024. Cash is reported based on the balances provided on the bank statements for the Debtors' bank accounts as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. In some instances, the Debtors have used estimates where actual

data was not available.  The Debtors have not hired a third party to value their assets for purposes of completing the Schedules and Statements.

8.      **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars.

9.      **Quantification of Claims.**  Amounts that were not readily quantifiable by the Debtors are reported as "undetermined," "unknown," or "N/A" and any such designation is not intended to reflect the magnitude or materiality of any claim.

10.     **Claims Paid Pursuant to Court Orders.**  Pursuant to several motions filed on or around the Petition Date (the "<u>First Day Motions</u>"), the Debtors sought authority to pay certain outstanding prepetition payables pursuant to court order.  The Court entered certain orders authorizing the Debtors to pay certain of the outstanding prepetition payables it sought to pay under the First Day Motions (the "<u>First Day Orders</u>").  Consequently, certain prepetition fixed, liquidated, and undisputed unsecured claims, including, but not limited to, certain claims for employee wages that had accrued in the 180 days prior to the Petition Date, have been paid following the Petition Date.  Where and to the extent these claims have been satisfied or are anticipated to be satisfied, they may not be listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

11.     **Prepetition and Postpetition Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

12.     **Setoffs.**  The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights regarding such credits, allowances, or other adjustments.

13.     **Property and Equipment.**  Nothing in the Schedules or Statements, including, without limitation, the failure to list leased property or equipment as owned property or equipment or vice-versa, constitutes, or shall be construed as, an admission as to the determination of legal status of any lease, including whether any lease is a true lease or financing arrangement, and the Debtors reserve all their rights with respect to such issues.

14.     **Exclusions.**  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded potential rejection damage claims of counterparties to executory

contracts and unexpired leases that may be rejected, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

15. **Causes of Action.** The Debtors, despite their reasonable efforts, may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any causes of action they may have, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory of law, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

16. **Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with the provisions of section 101(31) of the Bankruptcy Code. Persons listed as "insiders" have been included for informational purposes only, however, and the designation of such persons as "insiders" on the Schedules and Statements does not constitute, and should not be construed as, an admission that such persons constitute insiders within the meaning of section 101(31) of the Bankruptcy Code. Moreover, these Global Notes and the Schedules and Statements do not take any position with respect to: (a) any person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such person; (c) the decision making or corporate authority of any such person; or (d) whether the Debtors or any person who may have had control over the Debtors could successfully argue that such person is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

17. **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantors, co-obligors, or other secondarily-liable parties under executory contracts, unexpired leases, secured financing agreements, and other such arrangements or agreements. Where such guarantors or co-obligors have been identified, the Debtors have included them in the relevant Schedules D, E/F, G and/or H for the applicable Debtor. The Debtors may have inadvertently omitted certain guarantees or other secondary liability embedded in their contractual agreements.

18. **Totals.** All totals that are included in the Schedules and Statements represent totals of known amounts only and do not include any undetermined amounts. To the extent there are unknown or otherwise undetermined amounts, the actual total may be materially different than the listed total. Due to unliquidated, contingent and/or disputed claims, summary statistics in the Schedules and Statements may significantly understate the Debtors' liabilities.

19. **Intellectual Property Rights.** The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

20. **Accuracy.** The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws, or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should

evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws.

**Redactions.**  Pursuant to Paragraph 4 of the *Order (I) Authorized the Debtors to File a Consolidated Creditor Matrix; (II) Authorizing the Debtors to File a Consolidated List of the Top 30 Unsecured Claimants; (III) Authorizing the Debtors to Redact Certain Personal Information; and (IV) Approving the Form and Manner of Notice of Commencement of these Chapter 11 Cases and other Information* [Docket No. 59] (the "Notice Procedures Order"), the Debtors have redacted the personally identifiable information for all individuals in the Schedules and Statements, including the EtO Claimants (as defined below).  For the Debtors' officers and directors, the Debtors listed the Debtors' corporate office as their address.

The Debtors have also redacted the names and addresses of their customers to protect sensitive commercial information.  The Debtors are seeking Court authority to redact such information as more fully described in the *Motion of the Debtors to Redact Confidential Customer Information* [Docket No. 134].

## Specific Notes to the Schedules of Assets and Liabilities

**Classifications of Claims**

Listing a claim on Schedule D as "secured," or on Schedule E/F as "priority" or "nonpriority," or a contract or lease on Schedule G as "executory" or "unexpired," does not, in each case, constitute an admission by the Debtors of the legal rights of the claimant or the legal status of such claim or contract, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Summary of Assets and Liabilities**

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP.  The Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise, which may reflect consolidation, elimination and step-up in basis adjustments to the financial statements.

**Schedule A/B**

As noted above, despite commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Part 2, Items 7 & 8 – Deposits & Prepayments.**

The Debtors' characterization of an asset listed in Part 2, Items 7 and 8 is not a legal characterization of either a deposit or a prepayment.  The Debtors reserve their rights to re-categorize or recharacterize such assets at a later time as appropriate.  All prepayments are as of

October 31, 2024, except for professional retainer payments which are as of the Petition Date. Prior to the Petition Date, certain of the Debtors' professionals were paid advance payment retainers by the Debtors and therefore, these retainers are property of the various professionals.  The professionals have agreed to apply their respective retainers to fees and expenses allowed in these cases and to the extent that any such retainer monies are not used for such purposes, any remaining balance will be remitted to the Debtors.

**Part 3, Item 11 – Accounts Receivable.**

Historically, the Debtors have not record an allowance for doubtful accounts.  As a result, the Debtors did not reflect any reserve against the accounts receivable.

**Part 4, Item 15 – Non-publicly Traded Stock and Interests.**

Hazel Holdings, LLC is an inactive, wholly-owned subsidiary of Cosmed Group that does not hold any assets or liabilities.  Hazel Holdings, LLC was previously used for real estate acquisitions.

**Part 7, Items 39, 40, and 41 – Office Furniture, Fixtures, and Equipment.**

Cosmed Group has listed all of its office furniture, fixtures, and equipment at its corporate office and facilities. Dollar amounts are presented net of accumulated depreciation and other adjustments.

**Part 8 – Machinery, Equipment, and Vehicles.**

Cosmed Group has listed, in Schedule A/B, all of its machinery and equipment at its facilities.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

**Part 9, Item 55 – Real Property.**

Cosmed Group leases its office building from NA Ventures, LLC ("NA Ventures") and its facility in Erie, Pennsylvania from Spicey.  There are no leases in place; Cosmed Group has historically paid for expenses at each location (e.g., utilities, maintenance, taxes, etc.).

**Part 10, Item 62 – Licenses, Franchises, and Royalties.**

The value of the Debtors' intangible assets is listed on Schedule A/B, Part 10 as undetermined as the Debtors have not conducted a recent valuation of intangible asset value.

The Debtors are scheduling certain licenses and permits required to operate their business. These licenses and permits are not traded on an open market and as a result the Debtors have scheduled their value as "undetermined."  Notwithstanding that fact, the licenses and permits are valuable to the Debtors as they would be unable to operate their business without them.

**Part 11, Item 73 – Interests in Insurance Policies or Annuities.**

A list of the Debtor's insurance policies and related information is set forth in the *Emergency Motion of Debtors for Entry of Order (I) Authorizing Debtors to Continue Insurance Policies and Pay All Obligations with Respect Thereto and (II) Granting Related Relief* [Docket No. 26].

The Debtors pay life insurance premiums on behalf of certain key employees. The Debtors executed split-dollar agreements in connection with these life insurance policies, whereby the cumulative premiums paid by the Debtors are to be repaid to the Debtors from either the insurance proceeds upon settlement of the policy or from the cash surrender value of the policy should the policy be terminated prior to settlement.  The stated value of the life insurance premiums is based on the balance sheet attached to the Debtors' 2023 year-end tax return.

**Part 11, Item 74 – Causes of Action Against Third Parties.**

There is an insurance coverage dispute between Cosmed Group and Hartford Insurance Company ("Hartford") and several of Hartford's affiliates pending in United States District Court for the District of Rhode Island in the case captioned *Hartford Fire Ins. Co.* et al. *v. Cosmed Group, Inc*, Case No. 1:24-CV-00080-WES-PAS (D.R.I.) (the Insurance Coverage Dispute").  Hartford denied Cosmed Group insurance coverage in relation to certain pending litigation involving the EtO Claimants and sought declaratory relief by initiating the Insurance Coverage Dispute. Cosmed believes that the denial was improper and has asserted counterclaims against Hartford and its affiliates in the Insurance Coverage Dispute.

**Part 11, Item 77 – Other Property of Any Kind.**

Construction Projects – Capitalized Costs.  In the ordinary course, Cosmed Group oversees various construction projects and incurs costs for materials, labor, and equipment.  These costs are recorded as an asset on the Debtors' balance sheet.  Once the underlying asset associated with a project is sold, the capitalized cost is removed from the balance sheet.

Management Fees.  Cosmed Group provides non-debtor affiliates Cosmed Group of Dominican Republic, Inc. ("Cosmed Group of DR") and Sterilization and Fumigation Services, Inc. ("SFS") with back-office services such as settlements, clearances, record maintenance, regulatory compliance, and accounting and earns a management fee that is denoted as an intercompany receivable on the Debtors' books and records.

Rights of Use Asset.  Cosmed Group leases certain administrative and operating facilities and includes operating lease Right Of Use assets ("ROU Assets") on the balance sheet. ROU Assets represent the right to use an underlying asset for the lease term. ROU Assets are recognized at the lease commencement date based on present value of lease payments over the lease term.

**Schedule D**

Schedule D lists the secured claims held by creditors as of the Petition Date.  The Debtors note, however, that the secured claims of The Washington Trust Company ("Washington Trust") against each of the Debtors were transferred and assigned to Michael L. Howe on December 11,

2024 as reflected in the *Notice of Transfer of Claim Pursuant to Bankruptcy Rule 3001(E)(1)* [Docket No. 120].

**Schedule E/F**

**Priority/Nonpriority Status**

The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code or that the amount of the claim is accurate. Additionally, certain of the claims of state and local taxing authorities set forth in Part 1 of Schedule E/F ultimately may be deemed, in whole or in part, to be secured claims pursuant to state or local laws or priority claims under the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis.

Parties who have asserted claims relating to ethylene oxide ("EtO") involving the Debtors (collectively, the "EtO Claimants"), whether filed or unfiled, and who are known to the Debtors are listed on Part 2 of Schedule E/F as holders of nonpriority unsecured claims. The EtO Claimants have been listed on Schedule E/F with respect to any unsecured claim they may have or assert against the Debtors. Due to their volume, the EtO Claimants' EtO-related claims identified on Part 2 of Schedule E/F for the Debtors have been listed in a separate redacted attachment thereto. In accordance with the redaction procedures provided in the Notice Procedures Order, the Debtors have redacted the personally identifiable information of the EtO Claimants, unless such information was previously disclosed in these cases through *The United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 131] or the *Notice of Filing of Amended Top 30 List* [Docket No. 63]. Each EtO-related claim is contingent, unliquidated, and disputed by the Debtors. There are at least 477 EtO-related claims asserted against Cosmed Group (160 unfiled; 317 filed), and there are at least 8 EtO-related claims asserted against Spicey.

The Debtors listed the unsecured claim held by Balchem Corporation as of the Petition Date, but paid that claim in full pursuant to the *Order (I) Authorizing the Debtors to Pay all Prepetition Amounts Due and Owing to Balchem Corporation and (II) Granting Related Relief* [Docket No. 119].

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts may be reflected on the Debtor's books and records as required in accordance with GAAP. Accruals are general estimates of liability and may not represent specific claims as of the Petition Date.

**Claims of Counterparties to Executory Contracts and Unexpired Leases**

Schedule E/F reflects the prepetition amounts owing as of the Petition Date to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule H**

As reflected in the Debtors' Schedule H, as of the Petition Date, the Debtors, Michael Howe, NA Ventures, and SFS were co-debtors in relation to the secured claims held by Washington Trust. As noted above, the secured claims held by Washington Trust were transferred and assigned to Michael Howe on December 11, 2024. The Debtors, NA Venture, and SFS remain as co-debtors on the secured claims now held by Michael Howe as of the date hereof.

**Schedule G**

Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, early termination rights, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G.

Any and all rights, claims, and causes of action of the Debtors with respect to the agreements listed on Schedule G are hereby reserved and preserved.

## **Specific Notes to the Statements of Financial Affairs**

**Part 1, Item 1 – Income.**

Cosmed Group owns all of the assets that produce revenue from the business of the Debtors; therefore, the Debtors have listed all gross revenue from the business of the Debtors on the Statement for Cosmed Group. The gross revenue for 2024 is an estimate.

**Part 2, Item 4 – Payments or Transfers Benefitting Insiders.**

Prior to the Petition Date, Cosmed Group made certain payments "for the benefit of" Spicey and certain non-Debtor affiliates, including Cosmed Group of DR and SFS, which have been marked with the label "FBO." Therefore, while any transfers of funds are transfers of property of such entity, such transfers are listed on the Statement of Cosmed Group because the transfer initiated at an account held by Cosmed Group.

All payments to insiders, including payments to insiders made within ninety (90) days of the Petition Date, have been listed under Item 4.

**Part 3, Item 7 – Legal Actions.**

Attached as Schedule 1 to Cosmed Group's Statements, the Debtors have prepared a separate attachment that lists out each individual EtO-related matter against Cosmed Group that is (or was) part of the consolidated EtO litigation cases before the Circuit Court of Cook County (the "State Court").  The Debtors note that as of the Petition Date, certain of the EtO-related matters were before the United States District Court for the Northern District of Illinois (the "District Court") in the case captioned: *In re: Ethylene Oxide Coordinated Pretrial*, Case No. 24 C7261 (N.D. Ill.) (Alonso, J.).  On December 3, 2024, the District Court entered the *Memorandum Opinion and Order* [Docket No. 59] (the "Opinion and Order") remanding all EtO-related matters before it back to the Circuit Court of Cook County, Illinois.  The attachment for Cosmed Group accounts for the Opinion and Order and lists the State Court as the jurisdiction for each individual EtO-related matter.

**Part 12, Item 23 – Governmental Unit Notices.**

With respect to the notices received from the Pennsylvania Department of Environmental Protection and New Jersey Department of Environmental Protection, the Debtors denied all allegations of environmental law violations.  The notices have not led to any fines or further investigations, and the Debtors believe that these notices have been resolved and concluded.

**Part 13, Item 26.b – Financial Statements.**

Historically, the Debtors have conducted an annual certified financial audit of their consolidated financials with certain non-Debtor affiliates, including Cosmed Group of DR and SFS.  In the course of such audits of the Debtors' consolidated financials, certain testing may have been performed with respect to certain individual Debtor entities; however, no individual certified financial audits were ever produced as to any individual Debtor entities.

**Part 13, Item 26.d – Parties that have received the Debtors' Financial Statements.**

As noted herein, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP for financial reporting purposes.  The Debtors issue their consolidated financial statements in the ordinary course of business.  It would be a timely and burdensome task for the Debtors to go through their records to identify all financial institutions, creditors, and other parties to whom the Debtors have issued a financial statement within the two (2) years prior to the Petition Date; accordingly, the Debtors have only identified certain parties.

**Part 13, Item 30 – Payments involving Insiders.**

Prior to the Petition Date, Cosmed Group made certain payments for the benefit of some of the Debtors' officers and directors.  Cosmed Group disclosed such payments in Part 4 of its Statements and did not list them in Part 13, Item 30 to avoid unnecessary duplication.

**Fill in this information to identify the case:**

Debtor name     **Spicey Partners Real Estate Holdings, LLC, et al.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF TEXAS (HOUSTON)

Case number (if known)     **24-90572**

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

    ■ None

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None

    | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
    |---|---|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**                Case number (*if known*)   **24-90572**

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None

| Insider's name and address | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| | | | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| | | | |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

**Part 3:**   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**          Case number (*if known*)  **24-90572**

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | LEFAVIER V. COSMED GROUP, INC., ET AL. | ETO LITIGATION REGARDING ERIE, PENNSYLVANIA FACILITY | WESTERN DISTRICT OF PENNSYLVANIA JOSEPH F. WEIS  JR. U.S. COURTHOUSE 700 GRANT STREET PITTSBURGH PA 15219 | ■ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | 24-CV-263 | | | |
| 7.2 | MORTON V. COSMED GROUP, INC. | CLASS ACTION ETO LITIGATION REGARDING ERIE, PENNSYLVANIA FACILITY | WESTERN DISTRICT OF PENNSYLVANIA JOSEPH F. WEIS  JR. U.S. COURTHOUSE 700 GRANT STREET PITTSBURGH PA 15219 | ■ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | 24-CV-251 | | | |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|

**Part 4:** Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:** Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Dates of loss | Value of property lost |
|---|---|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**          Case number (*if known*)   **24-90572**

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None

| . | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

■ None

| Who received transfer? Address | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**          Case number (*if known*)   **24-90572**

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:   Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

---

**Part 8:   Health Care Bankruptcies**

**15.** **Health Care bankruptcies**

.   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

---

**Part 9:   Personally Identifiable Information**

**16.  Does the debtor collect and retain personally identifiable information of customers?**

■ No.

☐ Yes. State the nature of the information collected and retained.

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10

---

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

Debtor **Spicey Partners Real Estate Holdings, LLC, et al.**                    Case number (*if known*) **24-90572**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it;Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|

Debtor **Spicey Partners Real Estate Holdings, LLC, et al.**    Case number (*if known*) **24-90572**

---

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No.
   ☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

   ■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| | | |

| Debtor | **Spicey Partners Real Estate Holdings, LLC, et al.** | Case number (*if known*) | **24-90572** |
|---|---|---|---|

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1    FRANCES SORDELLINI<br>28 NARRAGANSETT AVENUE<br>SUITE 600<br>JAMESTOWN RI 02835 | 1983 TO CURRENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1    FRANCES SORDELLINI<br>28 NARRAGANSETT AVENUE<br>SUITE 600<br>JAMESTOWN RI 02835 | 1983 TO CURRENT |
| 26b.2    PKF O'CONNOR DAVIES, LLP<br>40 WESTMINSTER STREET<br>SUITE 600<br>PROVIDENCE RI 02903 | 2019 TO CURRENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1    FRANCES SORDELLINI<br>28 NARRAGANSETT AVENUE<br>SUITE 600<br>JAMESTOWN RI 02835 | 1983 TO CURRENT |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

Debtor  **Spicey Partners Real Estate Holdings, LLC, et al.**                    Case number (*if known*)  **24-90572**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No.

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1   COSMED GROUP, INC. | 28 NARRAGANSETT AVENUE SUITE 600 JAMESTOWN RI 02835 | SOLE OWNER | 100.000 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No.
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No.
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No.
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

Debtor   **Spicey Partners Real Estate Holdings, LLC, et al.**                    Case number (*if known*)   **24-90572**

32.  **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No.

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
|  |  |

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on   **December 30, 2024**

**/s/ David G. Howe**                                              **David G. Howe**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **Chief Operating Officer**

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

■ No

☐ Yes